ORIGINAL

# In the United States Court of Federal Claims

No. 13-530C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: January 14, 2014)

FILED
JAN 1 4 2014
U.S. COURT OF
FEDERAL CLAIMS

JEFFREY NATHAN SCHIRRIPA,
Relator for the United States of America

        Plaintiff,

v.

UNITED STATES,

        Defendant.

### OPINION and ORDER

On July 31, 2013, Mr. Schirripa filed a complaint in which he "petition[ed] the Court of Federal Claims for the Qui Tam reward," to which he claimed entitlement under 31 U.S.C. § 3730(d)(2). Attached to the complaint are a variety of exhibits dealing with patents, counterintelligence and medical research. Also attached to the complaint are what appear to be various filings in a prior qui tam action filed in the United States District Court for the District of New Jersey. On September 30, 2013, defendant moved to dismiss the complaint under RCFC 12(b)(1) for lack of jurisdiction. On January 14, 2014, plaintiff filed his response to the motion (by leave of court). The court deems further briefing and argument on this motion unnecessary.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must establish that the court has subject matter jurisdiction over its claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hansen v. United States*, 65 Fed. Cl. 76, 94 (2005). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint and the parties' filings, this court, however, is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing this court grant it authority only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the "takings clause" of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. Mr. Schirripa seeks to enforce a claim against the United States under the False Claims Act, 31 U.S.C. §§ 3729–3732. While the False Claims Act "provides a framework for detecting fraud against the government," *LeBlanc v. United States*, 50 F.3d 1025, 1027 (Fed. Cir. 1995), this court does not have jurisdiction to consider plaintiff's complaint in this regard. This court concurs with the holding in *Griffin v. United States*, 96 Fed. Cl. 1, 8 (2010), that "monetary recovery from the government" under the False Claims Act "is only authorized *for qui tam* plaintiffs," pursuant to 31 U.S.C. § 3730(d), and such actions may only be heard in United States district courts, not in the Court of Federal Claims. *See Meschkow v. United States*, 109 Fed. Cl. 637, 645 (2013); *Schweitzer v. United States*, 82 Fed. Cl. 592, 595–96 (2008); *see also LeBlanc*, 50 F.3d at 1031.

The court has reviewed various other points made by plaintiff in the various attachments to his complaint and sees no other basis for the court to exercise jurisdiction over this case. Accordingly, the court concludes that it lacks jurisdiction over plaintiff's claims. Based on this conclusion, the Clerk is hereby ordered to dismiss the complaint under RCFC 12(b)(1).

**IT IS SO ORDERED.**

Francis M. Allegra
Judge